The Vice-Chancellor.
The complainants, in behalf of themselves and all other creditors of M. F. Freeman, seek the aid of this court to remove certain fraudulent impediments, with which the defendants obstruct their remedy under an attachment issued pursuant to the statute against non-resident debtors.
They show by their bill, that the sheriff is prevented from levying on M. F. Freeman’s goods in the York street store, by R. R. Freeman’s claim of ownership, which it is alleged, is a fraud as against creditors; and as to the rail road stock, held by him in the same manner, the sheriff cannot seize it or prevent its transfer, because it is placed in R. R. Freeman’s name and the corporation, though having its transfer books and an office *567 here, is non-resident. The time has not arrived for the appointment bf trustees, and there are no persons authorized to proceed in the matter in this court, unless it be the complainants.
To this case made by the bill, it is objected, that the complainants are mere creditors at large, having no execution, and not even a judgment; that they have no specific lien on the property in question, and that they cannot maintain a suit in this court in regard to it. That the trustees under the attachment proceedings, are the proper parties to file a bill like this, and that the case is analogous to that of an executor or administrator, in which some creditor of the decedent should proceed in a suit to secure or recover the assets, instead of awaiting the action of the legal representative, or charging him with collusion and making him a defendant!
The supposed analogy does not hold good in my judgment! There are no trustees as yet; and if we take the parallel in-» stance of a decedent before probate or administration granted, there is this striking difference, that no one having assets of the deceased can pay or deliver them, until there be a proper representative to receive them and discharge him; while in the attachment, the fraudulent possessor of the property, may sell it to bona fide purchasers, and remove the proceeds from the state, inonths before any trustees can be appointed.
In my view of the subject, the complainants, although creditors at large, have acquired a lien upon M. F. Freeman’s property by their attachment. It is as valid and effectual a lien in favor of all creditors, as is made in favor of a plaintiff at law by the issuing of an execution which he is prevented by some fraud of his debtor from levying on movable property. And I can perceive no reason in principle, why this court should not interfere, to aid the enforcement of the lien under the attachment, for the benefit of all the creditors without preference; as it constantly does to aid the execution creditor in maintaining his priority over all others. Nor are the attaching creditors bound to indemnify the sheriff, in the instance of goods and chattels, instead of resorting to a court of equity; any more than the plaintiff is bound to give such indemnity, when a false claim is interposed to defeat his execution.
*568 After the appointment of trustees, they would undoubtedly be the proper parties to file a bill; for they become vested with the whole title, both legal and equitable, and they represent the rights of all the creditors. The point is new in its application, though not new in principle.
On the ground of the lien by the attachment, and its fraudulent obstruction, I think the case made by the bill is properly cognizable in equity.
The defendants move to dissolve the injunction, on the ground that the answer fully meets and denies the allegations of fraud, and thus disposes of the whole equity of the bill.
After carefully looking into the pleadings, I do not feel at liberty to dissolve the injunction in this stage of the case. Not that I intend to say, that upon the statements in the answer, the complainants will be entitled to a decree ; but there is too much of doubt apparent in respect of the alleged frauds, to warrant the court in abandoning to the defendants, the control of the property enjoined.
The motion to dissolve the injunction must be denied, and the costs of the complainant Will be costs in the cause.